UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X

CANDIDA COSTABILE, as Guardian Ad Litem :     **ECF CASE**
For Anthony Costabile, and ANTHONY
COSTABILE, Individually,              :

                           06 Civ. 3329 (WCC)

               Plaintiffs,   :

     - against -              :     **AMENDED**
                                  **OPINION**
COUNTY OF WESTCHESTER, NEW YORK, FRANK :    **AND ORDER**
BONFONTE, ROY SHAPIRO and ROBERTO
ALANCARTA,                  :

              Defendants.   :

- - - - - - - - - - - - - - - - - - - - X


**A P P E A R A N C E S :**

                     RESNICK, NIRENBERG & SIEGLER
                     **Attorneys for Plaintiffs**
                     101 Eisenhower Parkway, Suite 300
                     Roseland, New Jersey 07068

GERALD J. RESNICK, ESQ.
JONATHAN I. NIRENBERG, ESQ.

       Of Counsel


                     CHARLENE M. INDELICATO
                     WESTCHESTER COUNTY ATTORNEY
                     **Attorneys for Defendants**
                     Michaelian Office Building
                     148 Martine Avenue, Room 600
                     White Plains, New York  10601

IRMA W. COSGRIFF,
  Senior Asst. County Attorney

       Of Counsel

**CONNER, Sr. D.J.:**

Plaintiffs Candida Costabile ("C. Costabile"), as guardian *ad litem* for Anthony Costabile, and Anthony Costabile, individually, ("A. Costabile")[1] (collectively, "plaintiffs") bring this action pursuant to 42 U.S.C. § 1983 and the N.Y. EXEC. LAW, Art. 15, HUMAN RIGHTS LAW § 296 (the "NYSHRL") against the County of Westchester (the "County"), Frank Bonfonte ("Bonfonte"),[2] Roy Shapiro ("Shapiro")[3] and Roberto Alancarta ("Alancarta") (collectively, "defendants").[4]  Plaintiffs allege that defendants discriminated against A. Costabile on the basis of his disability by subjecting him to harassment during the course of his employment with the Parks Department, and suspending him for four days and ultimately terminating his employment without justification, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the NYSHRL.[5]  Defendants move to dismiss the Amended Complaint pursuant to FED. R. CIV. P. 12(b)(1) and (6), citing plaintiffs' failure to serve a notice of claim upon defendants as required by

---

[1] C. Costabile is the mother and guardian *ad litem* of A. Costabile, who, according to the Amended Complaint, was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") and Nonverbal Learning Disorder ("NLD"), and has a long history of learning disabilities and severe mental and emotional deficiencies.   (*See* Am. Complt. ¶¶ 9-10.)

[2] At all relevant times, Bonfonte was employed by the Westchester County Department of Parks and Recreation (the "Parks Department") as Park Superintendent.

[3] At all relevant times, Shapiro was employed by the Parks Department as an Assistant Park Superintendent.

[4] At all relevant times, Alancarta was A. Costabile's supervisor while he was employed by the Parks Department.

[5] Plaintiffs baldly allege that defendants violated A. Costabile's rights guaranteed by the First Amendment as well, but they allege no facts to support this claim nor a distinct cause of action under the First Amendment.  (*See id.* ¶ 3.)   Accordingly, any First Amendment claim that plaintiffs intended to assert is dismissed pursuant to FED. R. CIV. P. 12(b)(6).

1

N.Y. COUNTY LAW, Art. 2, § 52 and N.Y. GEN. MUN. LAW, Art. 4, § 50-i, and contending that the Amended Complaint does not state a claim upon which relief can be granted. Plaintiffs filed a cross-motion to serve a late notice of claim pursuant to N.Y. GEN. MUN. LAW, Art. 4, § 50-e. For the reasons that follow, defendants' motion is granted in part and denied in part, and plaintiffs' cross-motion is denied in its entirety.

## BACKGROUND

The following discussion of the facts is derived from the allegations of plaintiffs' Amended Complaint.[6] A. Costabile was diagnosed with ADHD and NLD as a young child and has had a long history of learning disabilities. (*See* Am. Complt. ¶¶ 10-11.) In June 2002, he was employed by the County in its Parks Department at Glen Island Park in New Rochelle, New York. (*See id.* ¶ 12.) Due to his mental condition, he was substantially limited in the kind of work he could perform and required "constant direction and supervision" when performing his job tasks. (*See id.* ¶ 11.) His job duties included landscaping, garbage pick-up and general maintenance duties. (*See id.* ¶ 12.) At all relevant times, defendants were aware of plaintiff's disabilities. (*See id.* ¶ 13.)

Plaintiffs allege that Alancarta, as A. Costabile's direct supervisor, subjected him to "numerous vicious acts of discriminatory treatment due to his condition[.]" (*See id.* ¶ 14.) Specifically, plaintiffs allege that Alancarta, *inter alia*: (1) tied him to a tree with "shrink wrap" and

---

[6] *McCarthy v. Dun & Bradstreet Corp.*, No. 05-3828-cv, 2007 WL 967937, at *4 (2d Cir. Mar. 29, 2007) ("In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, we accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party."); *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993); *In re AES Corp. Sec. Litig.*, 825 F. Supp. 578, 583 (S.D.N.Y. 1993) (Conner, J.).

threatened him with undesirable jobs, including cutting the grass with scissors, and suspension without pay if he was unable to free himself from the tree in a certain amount of time; (2) tied him to a chair and wrapped his feet with "shrink wrap" so that he was unable to move; (3) tied him to a chair with wheels using "shrink wrap," rolled the chair into the parking lot and hosed him down with water; (4) tied him to a chair with "shrink wrap" and ignited the "shrink wrap" when plaintiff proved unable to get free; (5) dumped buckets of cold water on him while he was tied to chairs, causing him to struggle to get free and strain his muscles in his legs and develop a hernia, which eventually required surgery; and (6) subjected him to verbal ridicule, such as calling him a "retard," "stupid" and "idiot." (*See id.*) They allege that Alancarta targeted A. Costabile due to his mental disabilities. (*See id.*)

As to Bonfonte and Shapiro, plaintiffs allege that they "participated in, witnessed and/or were aware of the discriminatory and unlawful conduct directed against [A.] Costabile, and refused and neglected to take any actions to stop the harassment or otherwise prevent future grievous acts directed against [him.]" (*See id.* ¶ 18.) On information and belief, they allege that Bonfonte and Shapiro took similar actions toward other disabled employees, and that their actions "were part of a pattern of misconduct and harassment toward disabled individuals that was known by the County." (*See id.* ¶ 21.) Furthermore, plaintiffs allege that "the County failed to adequately train, supervise and discipline Bonfonte or Shapiro in such a way that it amounted to a deliberate indifference to the rights of County employees who worked for them." (*See id.* ¶ 22.)

Plaintiffs also allege that Alancarta wrongfully suspended A. Costabile for purportedly unloading a truck too slowly. (*See id.* ¶ 15.) Alancarta told him that he could avoid suspension if he "jump[ed] off the Glenn Island Bridge, subject[ed] another co-worker to a soaking with a hose,

or pa[id] Alancarta a designated sum of money." (*See id.* ¶ 16.)  When A. Costabile refused to comply, Alancarta suspended him from work for four days.  (*See id.*)  Subsequently, on July 7, 2004, defendants terminated A. Costabile's employment, purportedly because he left work fifteen minutes early without permission from a supervisor.  (*See id.* ¶ 17.)  Plaintiffs claim, however, that A. Costabile was given express permission to leave work early by Mike Tomanelli, the acting supervisor on site at that time, (*see id.* ¶ 17) and contend that defendants' decision to terminate his employment was predicated upon their animus towards him as a result of his disabilities.  (*See id.* ¶¶ 25, 28, 30, 39, 42.)

Defendants now move to dismiss the Amended Complaint pursuant to FED. R. CIV. P. 12(b)(1) and (6).  As a jurisdictional matter, defendants contend that all state law claims must be dismissed because plaintiffs failed to serve a notice of claim upon defendants pursuant to N.Y. COUNTY LAW, Art. 2, § 52 and N.Y. GEN. MUN. LAW, Art. 4, § 50-i.  Plaintiffs, in response, seek leave to serve a late notice of claim.  In addition, defendants seek dismissal of plaintiffs' claims pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## DISCUSSION

### I. <u>Legal Standard</u>

When ruling on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) and (6), the Court must accept all of the well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Natural Res. Defense Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); *see also McCarthy*, 2007 WL 967937, at *4; *Hertz Corp.*, 1 F.3d at 125; *In re AES Corp.*, 825 F. Supp. at 583.  "'The appropriate

4

inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims.'" *Cohane v. Nat'l Collegiate Athletic Ass'n ex rel. Brand*, No. 05-5860-cv, 2007 WL 247710, at *1 (2d Cir. Jan. 25, 2007) (quoting *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005)).   A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Padavan v. United States*, 82 F.3d 23, 26 (2d Cir. 1996) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10 (1980)).   "'This rule applies with particular force where the plaintiff alleges civil rights violations . . . .'"  *Cohane*, 2007 WL 247710, at *1 (quoting *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002)).   However, allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, are insufficient as a matter of law.  *See Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978).

## II.   <u>Notice of Claim</u>

It is well-established that a party bringing a claim pursuant to the NYSHRL against a county located in the State of New York must serve a notice of claim upon the county within ninety days after the claim arises.  *See* N.Y. COUNTY LAW, Art. 2, § 52 ("Any claim . . . against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature, and whether casual or continuing trespass or nuisance and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with section fifty-e of the general municipal law."); N.Y. GEN. MUN. LAW, Art. 4, § 50-i ("No action . . . shall be prosecuted

or maintained against a . . . county . . . for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such . . . county . . . unless . . . a notice of claim shall have been made and served upon the . . . county . . . in compliance with section fifty-e of this chapter . . . ."); N.Y. GEN. MUN. LAW, Art. 4, § 50-e ("In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action . . . , the notice of claim shall . . . be served . . . within ninety days after the claim arises . . . ."); *see also Mills v. County of Monroe*, 59 N.Y.2d 307, 308, 451 N.E.2d 456, 464 N.Y.S.2d 709 (1983) ("When an employment discrimination action is brought against a county under the State . . . civil rights statutes, the failure to timely file a notice of claim shall be fatal unless the action has been brought to vindicate a public interest or leave to serve late notice has been granted by the court."); *Santiago v. Newburgh Enlarged City Sch. Dist.*, 434 F. Supp. 2d 193, 196 (S.D.N.Y. 2006) (applying the notice of claim requirement to claims brought under the NYSHRL); *Falchenberg v. N.Y. City Dep't of Educ.*, 375 F. Supp. 2d 344, 350-51 (S.D.N.Y. 2005) (same). In the present case, it is undisputed that plaintiffs have failed to comply with this condition precedent and, accordingly, plaintiffs seek leave to serve a late notice of claim pursuant to N.Y. GEN. MUN. LAW, Art. 4, § 50-e(5).

N.Y. GEN. MUN. LAW, Art. 4, § 50-e(5) provides: "Upon application, the court, in its discretion, may extend the time to serve a notice of claim . . . ." However, "[a]ll applications under this section [must] be made to the [state] supreme court or to the county court . . . ." N.Y. GEN. MUN. LAW, Art. 4, § 50-e(7). Accordingly, we lack jurisdiction to decide plaintiffs' application to serve a late notice of claim. *See Brown v. Massena Mem'l*, No. 99-CV-1729, 2000 WL 381941, at *7 (N.D.N.Y. Apr. 11, 2000) ("[T]his court is without power to grant [plaintiff] leave to file a late

notice of claim as such applications must be made to a state supreme or county court. *See* N.Y. GEN. MUN. LAW § 50-e(7) (McKinney 1999). The court simply is without jurisdiction to entertain [plaintiff's] putative motion for leave to file a late notice of claim."); *Polite v. Button*, 999 F. Supp. 705, 708 (N.D.N.Y. 1998) ("This Court therefore is without jurisdiction to entertain plaintiff's motion for leave to file a late notice of claim."); *Covington v. Westchester County Jail*, No. 96 Civ. 7551, 1997 WL 580697, at *5 (S.D.N.Y. Sept. 18, 1997) ("As a result [of N.Y. GEN. MUN. LAW, Art. 4, § 50-e(7)], this court has no authority to consider the application to file a late notice of claim."); *Russell Pipe & Foundry Co. v. City of New York*, No. 94 Civ. 8642, 1997 WL 80601, at *15 (S.D.N.Y. Feb. 25, 1997) ("The law is clear that a federal court lacks jurisdiction to entertain a motion to file a late notice of claim, as General Municipal Law § 50-e(7) requires that all such applications 'shall be made to the supreme court or county court.'").[7] Accordingly, because plaintiffs have not served a timely notice of claim as required by N.Y. COUNTY LAW, Art. 2, § 52 and N.Y. GEN. MUN. LAW, Art. 4, § 50-e, and we have no jurisdiction to grant plaintiffs' application for leave to serve a late notice of claim, plaintiffs' state law claims against the County are dismissed.[8]

---

[7] "While [some] courts in the Southern District of New York have reached the merits of an application for the filing of a late notice of claim, they did not consider whether the court had jurisdiction over the application." *Covington*, 1997 WL 580697, at *5 n.7. By contrast, District Judges Sand in the Southern District of New York and Munson in the Northern District of New York both conducted a thorough analysis of the statute, its history and the relevant authority, and concluded that federal courts do not have authority to hear applications to serve a late notice of claim. *See Brown v. Metro. Transp. Auth.*, 717 F. Supp. 257, 259-61 (S.D.N.Y. 1989) (Sand, J.); *Lipinski v. Skinner*, 700 F. Supp. 637, 639-40 (N.D.N.Y. 1988) (Munson, J.). We agree with their analysis and with that of the other courts in this Circuit that have reached the issue.

[8] Even assuming, *arguendo*, that we had jurisdiction to decide plaintiffs' application, we would deny plaintiffs' motion in accordance with N.Y. GEN. MUN. LAW, Art. 4, § 50-e. Although courts have the discretion to grant a litigant leave to serve a late notice of claim, "[t]he extension [must] not exceed the time limited for the commencement of an action by the claimant against the [county]." N.Y. GEN. MUN. LAW, Art. 4, § 50-e(5). All claims against a county must be commenced

Defendants further argue that plaintiffs' state law claims against Bonfonte, Shapiro and Alancarta (the "individual defendants") must also be dismissed because they too require service of a notice of claim upon the County.  However, service of a notice of claim is not a condition precedent to the commencement of an action against a county's employees or agents unless the county is required to indemnify the individual defendants.  *See* N.Y. GEN. MUN. LAW, Art. 4, § 50-e(1)(b).  "The County's duty to indemnify [its] employees turns on whether they were acting within the scope of their employment . . . ."  *Grasso v. Schenectady County Pub. Library*, 30 A.D.3d 814, 818, 817 N.Y.S.2d 186 (3d Dep't 2006); *see also Int'l Shared Servs., Inc. v. County of Nassau*, 222 A.D.2d 407, 408, 634 N.Y.S.2d 722, 724 (2d Dep't 1995) ("The obligation to indemnify . . . depends upon the resolution of the fact-sensitive question of whether [the individual defendants] were acting within the scope of their employment with [the County] in committing the alleged [wrongful] acts." (citing *Riviello v. Waldron*, 47 N.Y.2d 297, 391 N.E.2d 1278, 418 N.Y.S.2d 300 (1979); *Overton v. Ebert*, 180 A.D.2d 955, 580 N.Y.S.2d 508 (3d Dep't 1992); *Beare v. Byrne*, 103 A.D.2d 814, 478 N.Y.S.2d 44 (2d Dep't 1984), *aff'd* 67 N.Y.2d 922, 493 N.E.2d 238, 502 N.Y.S.2d 135 (1986))). Accepting the allegations in the Amended Complaint as true, as we must at this stage, the conduct of defendants appears to fall outside the scope of their employment, and defendants do not argue

---

within one year and ninety days after the claim arises.  *See* N.Y. COUNTY LAW, Art. 2, § 52(1); N.Y. GEN. MUN. LAW, Art. 4, § 50-i(1)(c).  At the latest, plaintiffs' claims arose when A. Costabile's employment was terminated on July 7, 2004.  Plaintiffs did not seek leave to serve a late notice of claim until September 27, 2006.  Because the time in which plaintiffs could commence their action has passed, we would be statutorily prohibited from granting them leave to serve a late notice of claim.  *See Pierson v. City of New York*, 56 N.Y.2d 950, 954, 439 N.E.2d 331, 453 N.Y.S.2d 615 (1982) ("the application for the extension may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued[] . . . ."); *Davis v. City of New York*, 250 A.D.2d 368, 369-70, 673 N.Y.S.2d 79 (1st Dep't 1998) (the same); *see also* N.Y. GEN. MUN. LAW, Art. 4, § 50-e(5).

otherwise.  *See Grasso*, 30 A.D.3d at 818 (finding that the defendants' alleged sexual harassment fell outside of the scope of employment for purposes of N.Y. GEN. MUN. LAW, Art. 4, § 50-e). Accordingly, on this record, dismissal of plaintiffs' claim against the individual defendants is not warranted based upon plaintiffs' failure to serve a notice of claim.  *See Silverman v. City of New York*, No. 98-CV-6277, 2001 WL 218943, at *10 (E.D.N.Y. Feb. 2, 2001) ("Because it is too early in the litigation to determine whether the City is not obligated to indemnify the individual defendants (thus disposing of the need for a notice of claim), plaintiff's claims against the individual defendants may not be dismissed on the ground of a flawed notice of claim."); *Cipolla v. County of Rensselaer*, 129 F. Supp. 2d 436, 457 (N.D.N.Y. 2001) ("At this juncture, the record does not contain sufficient evidence to determine if the County has a duty to indemnify Defendants and, thus, whether Plaintiffs' failure to file the Notice of Claim bars the state causes of action.  Accordingly, Defendants' motion for summary judgment on the state law claims against the individual Defendants for failure to file a Notice of Claim is denied without prejudice."); *Woods v. N.Y. City Dep't of Sanitation*, No. 98 CIV. 6918, 1999 WL 476305, at *4 (S.D.N.Y. July 8, 1999) (reserving judgment on the issue because neither party sufficiently addressed the issue in their filings).

### III.   Sufficiency of Plaintiffs' Pleadings

Defendants next argue that plaintiffs' Amended Complaint does not sufficiently plead causes of action for disability discrimination under 42 U.S.C. § 1983 or the NYSHRL, and appear to contend that a heightened pleading standard applies to discrimination suits.  However, it is well-settled that "an employment discrimination complaint . . . must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Swierkiewicz v. Sorema N.A.*,

9

534 U.S. 506, 508 (2002) (citing FED. R. CIV. P. 8(a)(2)).[9]   The Supreme Court has rejected the

notion that the Federal Rules contain a heightened pleading standard for any claims, particularly for

employment discrimination, that are not enumerated in FED. R. CIV. P. 9(b).  *Swierkiewicz*, 534 U.S.

at 514-15.  "This simplified notice pleading standard relies on liberal discovery rules and summary

judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."

*Swierkiewicz*, 534 U.S. at 512; *Leatherman v. Tarrant County Narcotics Intelligence & Coordinators

Unit*, 507 U.S. 163, 168-69 (1993).  "Given the Federal Rules' simplified standard for pleading, '[a]

court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

that could be proved consistent with the allegations.'"  *Swierkiewicz*, 534 U.S. at 514 (alterations in

original) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Phelps v. Kapnolas*,

308 F.3d 180, 186 (2d Cir. 2002).  "Thus, a complaint is sufficient if it gives '"fair notice of what

the plaintiff's claim is and the grounds upon which it rests."'"[10]  *Phelps*, 308 F.3d at 186 (internal

citations omitted).   In the present case, plaintiffs' Amended Complaint easily satisfies the

requirements of FED. R. CIV. P. 8(a).


### A.      Plaintiffs' Equal Protection Claims

Plaintiffs assert Equal Protection claims against Alancarta, Bonfonte, Shapiro and the

---

[9] FED. R. CIV. P. 8 provides: "A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

[10] If "a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz*, 534 U.S. at 514; *see also* FED. R. CIV. P. 12(e).

County.  Because A. Costabile has not alleged membership in a suspect or quasi-suspect class and

has not been selectively denied a fundamental right, plaintiffs' claim is a "class-of-one" Equal

Protection claim.  *See Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005) (citing *Vill. of*

*Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)); *Champion v. Artuz*, 76 F.3d 483, 486

(2d Cir. 1996).  In order to state a "class-of-one" claim, a plaintiff must show that he "has been

intentionally treated differently from others similarly situated and that there is no rational basis for

the difference in treatment."  *Olech*, 528 U.S. at 564; *see also Chestnut Ridge Assocs., LLC v. Vill.*

*of Chestnut Ridge*, 194 F. App'x 76, 77 (2d Cir. 2006); *Neilson*, 409 F.3d at 105; *Champion*, 76 F.3d

at 486 ("Where a suspect class or a fundamental right is not implicated, the challenged action need

only be rationally related to a legitimate governmental purpose." (quotation marks omitted; citation

omitted)); *see also Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 109 (2d Cir.

2001) ("Where disability discrimination is at issue, the Fourteenth Amendment . . . proscribes

government conduct for which there is no rational relationship between the disparity of treatment

and some legitimate governmental purpose."); *see also City of Cleburne v. Cleburne Living Ctr.*, 473

U.S. 432, 446-47 (1985); *Disability Advocates, Inc. v. McMahon*, 124 F. App'x 674, 676-77 (2d Cir.

2005); *Giordano v. City of New York*, 274 F.3d 740, 751 (2d Cir. 2001).  At the pleading stage, a

complaint alleging disparate treatment under the Equal Protection Clause "need not identify actual

instances where others have been treated differently, and . . . it is sufficient to make the more general

allegation that similarly-situated people have been treated differently . . . ."  *Cohn v. New Paltz Cent.*

*Sch. Dist.*, 171 F. App'x 877, 879 (2d Cir. 2006).

        In the present case, plaintiffs have alleged that A. Costabile was "singled out" on the basis

of his disability and, without any legitimate purpose, subjected to numerous, significant incidents

of harassment, suspended for four days and ultimately discharged.  The Amended Complaint details the circumstances surrounding the harassment, suspension and discharge, and alleges that defendants' actions were taken in bad faith and with malicious intent.  Plaintiffs' Amended Complaint, therefore, provides defendants with sufficient notice of plaintiffs' Equal Protection claim.

Defendants contend, however, that plaintiffs do not allege sufficient facts to state a claim against Bonfonte and Shapiro.  Plaintiffs allege that Bonfonte and Shapiro "participated in, witnessed and/or were aware of the discriminatory and unlawful conduct directed against [A.] Costabile, and refused and neglected to take any actions to stop the harassment or otherwise prevent future grievous acts directed against the plaintiff."  (*See* Am. Complt. ¶ 18.)  Plaintiffs' allegations are clearly sufficient.  *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996) ("We have construed personal involvement for these purposes to mean direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates."); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (same); *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986) (same); *Aguilar v. N.Y. Convention Ctr. Operating Corp.*, No. 00 CIV. 4637, 2002 WL 844397, *1 (S.D.N.Y. May 2, 2002) (holding that plaintiffs' allegation that "each of the Individual Defendants was aware of the discrimination but failed to take remedial action . . . – while spare and conclusory – satisfy their pleading burden with respect to the Individual Defendants' personal involvement in the alleged discrimination." (internal citations omitted)).

Similarly, defendants argue that plaintiffs fail to state an Equal Protection claim against the County under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  However, complaints alleging municipal liability under 42 U.S.C. § 1983 are not subject to a

heightened pleading standard and must only comport with FED. R. CIV. P. 8's minimal pleading requirements.  *See Leatherman*, 507 U.S. at 168.

> To satisfy this pleading standard, a plaintiff may allege that his constitutional injuries arose from (1) "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality, *Monell*, 436 U.S. at 690; (2) a "permanent and well settled" practice sufficient to constitute "'custom or usage' with the force of law" and to impute constructive acquiescence by government officials, *id.*; (3) actions taken by government officials with final policymaking authority regarding the particular alleged constitutional deprivation, *Pembaur*[ *v. City of Cincinnati*, 475 U.S. 469, 483 (1986) or (4) the "failure to train" municipal employees amounting to "deliberate indifference to the rights of persons" who come in contact with these subordinates. *City of Canton* [*v. Harris*, 489 U.S. 378, 388 (1989)].

*Peterson v. Tomaselli*, No. 02 Civ. 6325, 2004 WL 2211651, at *9 (S.D.N.Y. Sept. 30, 2004).  In the present case, plaintiffs allege that: (1) "Bonfonte and Shapiro took similar actions toward other disabled employees, and their actions toward [A.] Costabile were part of a pattern of misconduct and harassment toward disabled individuals that was known by the County[]" (*see* Am. Complt. ¶¶ 20-21); and (2) "[t]he County failed to adequately train, supervise and discipline Bonfonte or Shapiro in such a way that it amounted to a deliberate indifference to the rights of County employees who worked for them." (*See* Am. Complt. ¶¶ 22-24.)  These allegations are sufficient to state a § 1983 claim against the County for disability discrimination.

Defendants' remaining arguments are specious.  First, they argue that plaintiffs are required to allege that A. Costabile was treated differently from "other learning disabled seasonal workers." (*See* Defs. Mem. Supp. Mot. Dismiss at 11.)  Of course, if this were the case, defendants would avoid liability by subjecting all their disabled employees to unlawful discrimination.  Obviously, plaintiffs must allege that he was treated differently than other similarly situated employees, particularly those who do not suffer from mental disabilities.  Second, defendants argue that

13

plaintiffs failed to sufficiently allege that defendants actions were not rationally related to a legitimate governmental purpose.  (*See id.*)  However, plaintiffs allege that defendants' acts were "vicious" and "egregious,"(*see* Am. Complt. ¶¶ 28, 30) and, in light of the nature of the alleged incidents of harassment, any argument that the Amended Complaint did not give notice that defendants' actions were irrational effectively suggests that "shrink wrapping" a mentally disabled employee may be rationally related to a legitimate government purpose.  We think not.

### B.   Plaintiffs' NYSHRL Claims

Next, defendants argue that plaintiffs failed to allege sufficient facts to state a disability discrimination claim under NYSHRL.  To establish a prima facie case of disability discrimination under NYSHRL, a plaintiff must establish that he was otherwise qualified to perform the essential functions of the position, with or without a reasonable accommodation, and that he was discharged as a result of his disability.  *See McEniry v. Landi*, 84 N.Y.2d 554, 558, 644 N.E.2d 1019, 620 N.Y.S.2d 328 (1994); *Simeone v. County of Suffolk*, 36 A.D.3d 890, 828 N.Y.S.2d 560, 561-62 (2d Dep't 2007); *Cardona v. City of N.Y. Civil Serv. Comm'n*, 12 Misc. 3d 1198(A), at *3, 824 N.Y.S.2d 768 (Table) (N.Y. County Sup. Ct. 2006) ("A *prima facie* case of discrimination is established when an employee suffers from a disability, and that disability is the cause of his termination.").  In the present case, plaintiffs allege that he suffers from a mental disability,[11] that he was able to perform

---

[11] It is premature to determine whether A. Costabile has a disability within the meaning of the NYSHRL.  "The Human Rights Law broadly defines the term 'disability' as 'a physical, mental or medical impairment resulting from anatomical, physiological or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques.'"  *McEniry*, 84 N.Y.2d at 558 (citing N.Y. EXEC. LAW § 292(21)(a).  Plaintiffs alleged that A. Costabile suffers from ADHD and NLD and is limited in the sort of work he can perform, and defendants do not dispute that he is in fact disabled under the

the essential functions of his job and that defendants discharged him on the basis of his disability. (*See* Am. Complt. ¶¶ 10-11, 17.)  Plaintiffs also allege in detail the circumstances leading up to and surrounding the termination of his employment which, if true, give rise to an inference of discrimination. (*See* Am. Complt. ¶¶ 14-17.) *See Gourdine v. Cabrini Med. Ctr.*, 128 F. App'x 780, 781 (2d Cir. 2005) ("Plaintiff has alleged in her complaint that she was female and African-American, was singled out for certain treatment, and was denied an advancement opportunity, all based on her race and sex.  She also included descriptions of the events and statements upon which her claims were based.  The allegations in the complaint thus do give defendants fair notice of what [plaintiff's] claims are and the grounds upon which they rest . . . ." (quotation marks omitted; citation omitted; alterations in original)).

Defendants also contend that plaintiffs failed to plead sufficient facts to state a cause of action for a hostile working environment under the NYSHRL.  Under the NYSHRL, "[d]iscrimination by virtue of a hostile working environment occurs when workplace harassment is 'sufficiently severe or pervasive "to alter the conditions of the [the victim's] employment and create an abusive working environment."'" *Novak v. Royal Life Ins. Co. of N.Y. Inc.*, 284 A.D.2d 892, 892-93, 726 N.Y.S.2d 784 (3d Dep't 2001)  (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)).  "A determination as to whether a workplace is hostile is based on the totality of the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably

NYSHRL.  Although discovery may reveal that he is in fact not disabled under the statute, the pleading stage is not the appropriate time to resolve this issue.  *Cf. Garcia v. State Univ. of N.Y. Health Sciences Ctr.*, No. CV 97-4189, 2000 WL 1469551, at *6-9 (E.D.N.Y. Aug.  21, 2000); *see also Weissman v. Dawn Joy Fashions, Inc.*, 214 F.3d 224, 233-34 (2d Cir. 2000) (allowing the jury to decide whether the plaintiff was disabled under the NYSHRL).

interferes with an employee's work performance.'" *Novak*, 284 A.D.2d at 893 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).   Plaintiffs' allegations clearly state a hostile working environment claim, and we cannot conclude that, as a matter of law, the alleged harassment is not sufficiently severe or pervasive.   Indeed, in 33 years on the bench, we have never encountered allegations of mistreatment in the workplace so shockingly malicious and sadistic.   Plainly, if they are true, plaintiffs' allegations reveal that defendants violated not only minimum standards of human decency but numerous provisions of law.

Defendants also claim that the individual defendants cannot be held liable under the NYSHRL.   (*See* Defs. Mem. Supp. Mot. Dismiss at 24-25.)   NYSHRL § 296(1)(a) provides:

> It shall be an unlawful discriminatory practice . . . [f]or an *employer* or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

(emphasis added).   In *Patrowich v. Chemical Bank*, the New York Court of Appeals  held that "an employee is not individually subject to suit under § 296 of the [NYSHRL] as an employer 'if he is not shown to have any ownership interest or any power to do more than carry out personnel decisions made by others.'" *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995) (quoting *Patrowich v. Chem. Bank*, 63 N.Y.2d 541, 542, 473 N.E.2d 11, 483 N.Y.S.2d 659 (1984) (per curiam)).   "Most courts have narrowly interpreted this second route to liability as covering only supervisors who, themselves, have the power to hire and fire employees." *Perks v. Town of Huntington*, 251 F. Supp. 2d 1143, 1160 (E.D.N.Y. 2003); *see also Tomka*, 66 F.3d at 1317 (indicating that the authority to hire and fire employees determines whether an individual is an "employer" under the NYSHRL).

In the present case, it appears that plaintiffs have alleged that all defendants had the authority to hire and fire employees of the Parks Department, including A. Costabile, and thus are employers under the statute.  At this early stage, we cannot make a determination to the contrary.

Moreover, even assuming, *arguendo*, that Shapiro and Alancarta are not employers under NYSHRL § 296(1)(a), they are still subject to liability under the statute.  The Second Circuit has held that § 296(6) of the NYSHRL, which provides that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so[,]" offers a basis for employee liability for employees who "actually participate[] in the conduct giving rise to a discrimination claim" even if they have neither an ownership interest nor the power to hire and fire.  *See Tomka*, 66 F.3d at 1317 (reversing the district court for dismissing the plaintiff's complaint when it alleged that "each of the individual defendants assaulted her and thereby created a hostile working environment."); *Perks*, 251 F. Supp. 2d at 1160 ("Although this ruling has been criticized, it is binding upon this Court . . . ."); *Salvatore v. KLM Royal Dutch Airlines*, No. 98 Civ. 2450, 1999 WL 796172, at *8 (S.D.N.Y. Sept. 30, 1999) (recognizing an aiding and abetting claim under NYSHRL § 296(6) and listing supporting authority); *McNulty v. N.Y. City Dep't of Fin.*, 941 F. Supp. 452, 459 (S.D.N.Y. 1996) (recognizing an aiding and abetting claim under NYSHRL § 296(6)); *Jungels v. State Univ. Coll. of N.Y.*, 922 F. Supp. 779, 786 (W.D.N.Y. 1996), *aff'd*, *Jungels v. Jones*, 112 F.3d 504 (2d Cir. 1997) (same); *Johnson v. A.P. Prods., Ltd.*, 934 F. Supp. 625, 630 (S.D.N.Y. 1996) (same); *Tagare v. NYNEX Network Sys. Co.*, 921 F. Supp. 1146, 1152 (S.D.N.Y. 1996) (Conner, J.) (same); *Murphy v. ERA United Realty*, 251 A.D.2d 469, 473, 674 N.Y.S.2d 415 (2d Dep't 1998) (same); *Steadman v. Sinclair*, 223 A.D.2d 392,

636 N.Y.S.2d 325, 326 (1st Dep't 1996) (same).[12]  As one New York court explained:

> By alleging that the owner-employer engaged in acts of unlawful discrimination, the plaintiff unquestionably stated a cause of action against the owner-employer.  It is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting.

*Murphy*, 251 A.D.2d at 472 (internal citations omitted).

In the present case, Bonfonte, the Park Superintendent, is clearly an "employer" under the NYSHRL because he has the authority to hire and fire employees of the Parks Department, and plaintiffs allege that all three individual defendants were personally involved in the discriminatory harassment of A. Costabile and the termination of his employment.  Bonfonte's wrongful acts therefore serve as the predicate for the claims for aiding and abetting against the others.  Accordingly, plaintiffs' allegations are sufficient to state a claim under the NYSHRL against all three individual defendants.

## CONCLUSION

For the reasons stated above, the motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) filed by defendants the County of Westchester (the "County"), Frank Bonfonte ("Bonfonte"), Roy Shapiro ("Shapiro") and Roberto Alancarta ("Alancarta")  (collectively, "defendants") is granted in part and denied in part, plaintiffs' cross-motion to serve a late notice of claim, pursuant to N.Y. GEN. MUN. LAW, Art. 4, § 50-e, is denied in its entirety, and defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is denied in its entirety.  Accordingly, all state claims against the County are

---

[12] *But see Trovato v. Air Express Int'l*, 238 A.D.2d 333, 334, 655 N.Y.S.2d 656 (2d Dep't 1997) (rejecting the aiding and abetting theory of liability); *Foley v. Mobil Chem. Co.*, 170 Misc. 2d 1, 647 N.Y.S.2d 374, 380-82 (Monroe County N.Y. Sup. Ct. 1996) (the same).

dismissed with prejudice, all federal claims against the County remain and all claims against

Bonfonte, Shapiro and Alancarta remain.


SO ORDERED.
Dated: White Plains, NY
       April 25, 2007

                                          _William C. Conner_
                                          Senior United States District Judge

19